DAVID SZWARCSZTEJN, CA Bar No. 272371
david.szwarcsztejn@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213-239-9800
Facsimile:    213-239-9045

GRAHAM M. HELM, CA Bar No. 316002
graham.helm@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:   415-442-4810
Facsimile:    415-442-4870

Attorneys for Defendants
COMPASS, INC., COMPASS CALIFORNIA,
INC., dba Compass, COMPASS CALIFORNIA
II, INC., dba Compass, and COMPASS
CALIFORNIA III, INC., dba Compass

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA SHEPPARD, individually; TODD SHEPPARD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS, INC., a Delaware corporation; COMPASS CALIFORNIA, INC., dba Compass, a Corporation; COMPASS CALIFORNIA II, INC., dba Compass, a Corporation; COMPASS CALIFORNIA III, INC., dba Compass, a Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:22-cv-03237<br><br>**DEFENDANT COMPASS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Case Cover Sheet; Certification of Interested Parties and Disclosure Statement; Declarations of Graham M. Helm and Rory Golod in Support of Removal]<br><br>Complaint Filed: April 29, 2021<br>Trial Date:      None<br>District Judge:  Hon. _____<br>                 Courtroom \_\_\_, _____<br>Magistrate Judge: Hon. _____<br>                  Courtroom \_\_\_, _____ |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS LISA SHEPPARD AND TODD SHEPPARD, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Compass, Inc ("Defendants") removes the above-entitled action from the Superior Court of California, County of Sonoma, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 1367, 1441(a), 1446, and 1453.  In support of such removal, Defendant states as follows:

**I.      BACKGROUND**

1.      On or about April 29, 2021, plaintiffs Lisa Sheppard and Todd Sheppard ("Plaintiffs") commenced this action by filing an unverified Class Action Complaint ("Complaint") in the Superior Court of California, County of Sonoma, captioned *Lisa Sheppard, individually; Todd Sheppard, individual, and on behalf of all other similarly situated v. Compass, Inc., a Delaware corporation; Compass California, Inc., dba Compass, a Corporation, Compass California II, Inc., dba Compass, a Corporation, Compass California III, Inc., dba Compass, a corporation, and DOES 1 through 10, inclusive*, and bearing case number SCV-268304 ("State Court Action").  The Complaint contained claims for:  (1) Breach of Contract; (2) Fraud; (3) Violation of California Labor Code section 2802 (Unreimbursed Business Expenses); (4) Violation of California Labor Code section 226 (Non-Compliant Wage Statements); and (5) Violation of California Business & Professions Code section 17200 *et seq*.

2.      Plaintiffs did not serve Defendant with the initial Complaint.  (Declaration of Graham M. Helm in Support of Notice of Removal ("Helm Decl."), ¶ 2.)

3.      On July 19, 2021, Plaintiffs filed an unverified Class Action First Amended Complaint for Damages ("FAC") in the State Court Action.  The FAC adds a sixth cause of action for violation of Labor Code section 2698 *et seq.*, and certain supporting allegations, but is otherwise identical to the Complaint filed on April 29, 2021.  Thus, the FAC pleads claims for: (1) Breach of Contract; (2) Fraud; (3) Violation of California Labor Code section 2802 (Unreimbursed Business Expenses); (4) Violation of California Labor Code section 226 (Non-Compliant Wage Statements); (5) Violation of California Business & Professions Code section

1  17200 *et seq.*; and (6) Violation of California Labor Code section 2698, *et seq.*

2  4.  True and correct copies of the operative FAC and Summons are attached as **Exhibits A and B**, respectively, to this Notice of Removal. (Helm Decl., ¶ 4.) True and correct copies of all other pleadings and orders in the State Court Action (Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, and Order to Show Cause, Plaintiffs' Case Management Statements, Notice of Case Management Conference, Status Report re: Case Management Conference, and Status Report in Advance of February 15, 2022, Case Management Conference) are attached as **Exhibit C** to this Notice of Removal. (*Id.*)

5.  On May 3, 2022, Plaintiffs served Defendants with the Summons, FAC, Civil Case Cover Sheet, and Notice of Case Assignment, Notice of Case Management Conference, and Order to Show Cause. (*Id.*, ¶ 3.)

6.  As explained below, based on the allegations of the FAC and other evidence collected by Defendant, this Court has original jurisdiction under the Class Action Fairness Act ("CAFA") (28 U.S.C. § 1332(d)). Further, this Court is empowered with supplemental jurisdiction over any other claims over which it does not have original jurisdiction. 28 U.S.C. § 1367. Hence, the action may be removed by Defendant pursuant to 28 U.S.C. section 1441.

## II.    CLASS ACTION FAIRNESS ACT JURISDICTION

7.  Plaintiffs' claims as alleged in the FAC are removable under 28 U.S.C. § 1332(d).

8.  Under CAFA, the Federal District Court has jurisdiction if:

    (a)   There are at least 100 class members in all proposed plaintiff classes; and

    (b)   The combined claims of all class members exceed $5 million exclusive of interest and costs; and

    (c)   Any class member (named or not) is a citizen of a different state than any defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453(a).

9.  In *Dart Cherokee Basin Operating Co. v. Owens*, 132 S.Ct. 547 (2014), the Supreme Court provided significant clarification to the standards applicable to notices of removal in CAFA cases, establishing a much more liberal standard in favor of removing defendants. In *Dart Cherokee,* the U.S. Supreme Court held that a removal must only contain "a short and plain

1  statement of the grounds for removal." *Id.* at 553 (quoting 28 U.S.C. § 1446(a)).  The Court noted
2  that this same language is used for the pleading standard in Rule 8(a) of the Federal Rules of Civil
3  Procedure.  *Id.*  The use of this language in the removal statute was intentional—clearly indicating
4  that courts should apply the same liberal pleading standards to notices of removal as they should to
5  plaintiffs' complaints and other pleadings.  *Id.*  The Court further held that a removing defendant
6  need not submit evidence with its pleading that establishes that the elements of federal subject
7  matter jurisdiction are met.  *Id.* at 552-53.  Only if the court or another party challenges jurisdiction
8  should the court require a removing defendant to prove, under the applicable "preponderance"
9  standard, that the jurisdictional requirements are met.  *Id.* at 553-54.  The Court summarized its
10 holding as follows:  "[i]n sum, as specified in § 1446(a), a defendant's notice of removal need
11 include only a plausible allegation that the amount in controversy exceeds the jurisdictional
12 threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff
13 contests, or the court questions, the defendant's allegation." *Id.* at 554.  Finally, the Supreme Court
14 held there is no "presumption against removal" in CAFA cases, because CAFA was specifically
15 enacted by Congress "to facilitate adjudication of certain class actions in federal court."  *Id.*

**A.    There are at least 100 class members in all Proposed Plaintiffs Classes.**

10.    In this action, Plaintiffs seeks to represent a proposed class defined as follows: "All persons who were employed by Defendants, or signed an independent contractor agreement with Defendants, within four years prior to the filing of the original Complaint until the date of certification (the "the Agent Class")."  (FAC ¶ 22.)  Plaintiffs also seek to represent two proposed subclasses that are collectively, with the Agent Class, defined as "class members."  (FAC ¶¶ 23-26.)

11.    It is evident from the face of the FAC that Plaintiffs' proposed classes consist of more than 100 members in the aggregate under CAFA because Plaintiffs expressly plead that "the class is estimated to be greater than five hundred (500) individuals who are impacted real estate agents and the identity of such membership is readily ascertainable by inspection of Defendants' signed independent contractor agreements and employment records[.]"  (FAC ¶ 28(a).)  Based on the above, there are more than 100 class members in all proposed plaintiff classes.  *See Ellis v.*

1  *Pacific Bell Tel. Co.*, 2011 WL 13225121, *2 (C.D. Cal. Jan. 6, 2011) (stating "the Court agrees
2  with Defendants that the class definition in Plaintiffs' FAC—Plaintiffs' operative pleading at the
3  time of removal—should govern whether Plaintiffs have *proposed* a class of at least 100 members"
4  and noting "Plaintiffs' FAC specifically estimates that their proposed class exceeds 100
5  members…") (emphasis in original).

**B.    The Combined Claims of all Class Members Exceed $5 Million Exclusive of Interest and Costs.**

12.    Based on Plaintiffs' allegations in the FAC, the aggregate value of the claims of the proposed plaintiffs class exceeds the $5,000,000 threshold needed to establish federal jurisdiction under CAFA.  The $5,000,000 jurisdictional minimum may be based on aggregation of the claims of all potential class members.  28 U.S.C. § 1132(d)(6).

13.    The "amount in controversy" threshold for purposes of CAFA jurisdiction is not synonymous or dependent on the actual amount that may be ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010).  Rather, in assessing the amount in controversy, a court must "assume that all the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiffs on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by Plaintiffs' FAC, not what Defendants may actually owe (if anything) at the end of the litigation. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).  In other words, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).  "The amount in controversy is determined by the universe of what the Plaintiff puts at-issue in the complaint." *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *6 (E.D. Cal. July 14, 2010).

14.    To establish the amount in controversy, a defendant "need not concede liability for the entire amount," and it is error for a district court to require such a showing. *Lewis*, *supra*, 627 F.3d at 400; see also *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in

1  controversy is not measured by the low end of an open-ended claim, but rather by a reasonable
2  reading of the value of the rights being litigated.").

3    15.    Here, the $5,000,000 amount in controversy threshold is easily exceeded based on
4  Plaintiffs' own allegations in the FAC. As noted, Plaintiffs alleged that "the aggregate amount in
5  controversy for the proposed class action, including monetary damages, restitution, penalties,
6  injunctive relief, and attorneys' fees, exceeds ten million dollars ($10,000,000.00), exclusive of
7  interest and fees. (FAC ¶ 5.) Thus, by Plaintiffs' own admission, the amount in controversy far
8  exceeds the $5,000,000 threshold. *See e.g., Saulic v. Symantec Corp.*, 2007 WL 5074883, *5 (C.D.
9  Cal. Dec. 26, 2007) (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.
10 2007) and noting, where defendant removed under CAFA, that "when a state court complaint
11 'alleges on its face an amount in controversy sufficient to meet the federal jurisdiction threshold,'
12 then the requirement is 'presumptively satisfied' unless plaintiff can show 'to a legal certainty'
13 they cannot actually recover that amount.")

14    **C.    At Least One Class Member Is a Citizen of a Different State Than One**
15         **Defendant.**

16    16.    CAFA requires only "minimal diversity"; this Court need only find that there is
17 diversity between one putative class member and one defendant. 28 U.S.C. §§ 1332(d)(2),
18 1332(d)(5)(B), 1453(a).

19    17.    Any of the defendants have the independent right to remove. *See Eminence*
20 *Investors, L.L.L.P. v. Bank of New York Mellon,* 24 F. Supp. 3d 968, 972 (E.D. Cal. 2014) (noting
21 that CAFA broadens federal jurisdiction, most notably through eliminating the requirement for
22 consent to removal by all defendants, among other requirements). The consent of other defendants
23 is not needed for removal pursuant to 28 U.S.C. section 1332(d). 28 U.S.C. § 1453(b) (a class
24 action may be removed under CAFA by "any defendant without the consent of all defendants").
25 The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of
26 removal based on diversity jurisdiction. 28 U.S.C. § 1441(a).

27    18.    Plaintiffs are citizens of California.
28    19.    Compass, Inc. is a citizen of Delaware and New York. For purposes of determining

1  citizenship, a corporation is deemed to be a citizen of every state by which it is incorporated and of
2  the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp v.*
3  *Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's "principal place of business" is a single place,
4  "best read as referring to the place where a corporation's officers direct, control, and coordinate the
5  corporation's activities…[and] [i]n practice it should normally be the place where the corporation
6  maintains its headquarters").  From the date when Plaintiffs filed the Complaint and continuing
7  through the present, Compass, Inc. has been and still is incorporated in the State of Delaware and
8  with its principal place of business in New York, New York.  (FAC, ¶¶ 14-16; Declaration of Rory
9  Golod in Support of Notice of Removal ("Golod Decl.") ¶¶ 4-5.)  Compass, Inc. has never been
10 incorporated in any foreign state or any other state than Delaware.  (Golod Decl., ¶ 4.)
11 Accordingly, Compass, Inc. is a citizen of Delaware and New York.
12         20.     Because Plaintiffs are citizens of a different state than Defendant, the "minimal
13 diversity" requirement of CAFA jurisdiction is satisfied.

**III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUPPLEMENTAL
         MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1367**

16         21.     As set forth above, this Court has original jurisdiction over Plaintiffs' class claims
17 under CAFA.  Further, this Court is empowered with supplemental jurisdiction, under 28 U.S.C. §
18 1367, over the PAGA claims asserted by Plaintiff Todd Sheppard because the PAGA claims are so
19 related to the class claims over which the Court has original jurisdiction "that they form part of the
20 same case or controversy under Article III of the United States Constitution."
21         22.     Where the operative complaint alleges class and PAGA claims concerning the same
22 alleged misconduct by the defendant(s), and "the Court finds original jurisdiction over Plaintiffs'
23 class claims under CAFA, the Court may exercise supplemental jurisdiction over Plaintiff's PAGA
24 claims." *Thompson v. Target Corp.*, 2016 WL 4119937, *12 (C.D. Cal. Aug. 2, 2016); *Franco v.*
25 *E-3* Systems, 2019 WL 6358947, *4 (N.D. Cal. Nov. 8, 2019) (asserting supplemental jurisdiction
26 of PAGA claims); *Harvey v. Morgan Stanley Smith Barney LLC*, No. 18-CV-02835-WHO, 2020
27 WL 1031801, at *13 (N.D. Cal. Mar. 3, 2020) (exercising supplemental jurisdiction over PAGA
28 claim and noting "[c]ourts routinely exercise supplemental jurisdiction over PAGA claims");

1  *Nettles v. Paramedics Logistics Operating Company, LLC*, No. 21-CV-08895-MMC, 2022 WL 137631, at *1-2 (N.D. Cal. Jan. 14, 2022) (where the court had original jurisdiction over the plaintiff's overtime claim, the court exercised supplemental jurisdiction over PAGA claim in denying plaintiff's motion to remand).  Here, Plaintiffs' class claims include allegations of unpaid wages and commissions, unreimbursed expenses, non-compliant wage statements, and related violations of wage and hour laws.  (FAC ¶¶ 68-102.)  Plaintiff Todd Sheppard's allegations with respect to his PAGA claim incorporate all of those allegations by reference, and he further alleges that Defendants failed to indemnify Plaintiffs and other alleged employees for expenses, failed to pay them all wages upon separation, failed to maintain required records, and failed to furnish accurate wage statements, citing the same California Labor Code provisions asserted with respect to Plaintiffs' class claims.  (FAC ¶¶ 103-111.)  Moreover, the class and PAGA claims asserted in the FAC are underpinned by the same fundamental theory that Plaintiffs and the other agents comprising the putative class were incorrectly classified by Compass as independent contractors and are instead employees.  (FAC ¶¶ 51-53.)  Thus, Plaintiff's PAGA and class claims concern the same alleged misconduct and the PAGA claims are therefore properly within the Court's supplemental jurisdiction.

23.  To the extent this Court would not otherwise have jurisdiction over any claim asserted in the FAC, it may exercise supplemental jurisdiction over such a claim pursuant to 28 U.S.C. § 1367.

## IV.  DEFENDANTS HAVE SATISFIED ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

### A.  Timeliness

24.  The time to remove under 28 U.S.C. section 1446(b) does not begin to run until *receipt by the defendant*, through service or otherwise, of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  Plaintiffs served Defendants with the Summons and FAC on May 3, 2022, and did not serve Defendants with the Complaint before May 3, 2022.  Defendant files this Notice of Removal within 30 days of that

date, and therefore removal is timely.

### B. Venue

25. The Superior Court of California for the County of Sonoma is located within the Northern District of California. Under Civil Local Rule 3-2(c) and (d), this Action shall be assigned to the Court's San Francisco Division or Oakland Division. Therefore, the action is properly removed to this Court pursuant to 28 U.S.C. section 84(d) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### C. Other Procedural Requirements

26. Pursuant to 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders served upon Defendants and filed by Defendants are attached as Exhibits A through C to this Notice of Removal. (Helm Decl., ¶¶ 4-5.)

27. Pursuant to 28 U.S.C. section 1446(d), Defendants will give written notice of the removal of this Action to Plaintiffs via their counsel, and file a copy of that Notice with the Sonoma County Superior Court.

## V. CONCLUSION

28. WHEREFORE, Defendant removes the above-captioned action to the United States District Court for the Northern District of California by timely filing this Notice of Removal.

29. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that this Court issue an Order to Show Cause so that it may have the opportunity to more fully brief the basis for this removal.

DATED: June 2, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Graham M. Helm
  David Szwarcsztejn
  Graham M. Helm

Attorneys for Defendants
COMPASS, INC., COMPASS CALIFORNIA, INC., dba Compass, COMPASS CALIFORNIA II, INC., dba Compass, and COMPASS CALIFORNIA III, INC., dba Compass