UNITED STATES DEFENDANTS COURT

NORTHERN DEFENDANTS OF CALIFORNIA

| | |
|---|---|
| LISA SHEPPARD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>COMPASS, INC., et al.,<br><br>　　　　　Defendants. | Case No.  22-cv-03237-TLT<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 11 |

Before the Court is Plaintiffs Lisa and Todd Sheppard's ("Plaintiffs") Motion to Remand. ECF No. 11.  Defendants Compass, Inc. ("Defendants") oppose.  ECF No. 17.  Under Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby **DENIES** Plaintiffs' Motion to Remand.

I.　　**BACKGROUND**

Plaintiffs originally filed this action in Sonoma County Superior Court and allege, among other things, breach of contract, fraud, and various California Labor Code violations. *See* ECF No. 1, Ex. A.  Defendants removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  ECF No. 1.  In support of CAFA jurisdiction, Defendants assert that, when aggregated, Plaintiffs' claims exceed $5 million in damages, that more than 100 potential class members exist, and that there is minimal diversity between the parties. *Id.*

Plaintiffs do not dispute any of the elements for jurisdiction under CAFA.  Instead, Plaintiffs move to remand the action back to state court because, they argue, Defendants "delayed for over one year before seeking removal; hence, the removal is time-barred. [And], Compass has not met its burden of showing 'bad faith' on the part of Plaintiffs to explain and justify Compass' untimely removal…." ECF No. 11 at 3.  In short, Plaintiffs argue Defendants failed to remove this action within the time limits permitted by 28 U.S.C. § 1446.

## II. LEGAL STANDARD

For removal to be timely, a defendant wishing to remove a case to federal court must file a notice of removal within 30 days of receiving "through service or otherwise [a] copy of the initial pleading setting forth the claim for relief…." 28 U.S.C. § 1446(b). Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30–day removal period because it "assures defendants adequate time to decide whether to remove an action to federal court." *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 354 (1999). In *Murphy Bros.,* the Supreme Court explained that under 28 U.S.C. § 1446(b), "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347. Accordingly, the Court held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48.

In California, personal service is deemed complete at the time of delivery. *See* CAL. CODE CIV. PROC. § 415.10. A plaintiff may also serve process by mail where the mailing includes a copy of the summons and complaint, two copies of a notice and acknowledgment form, and a pre-paid return envelope. CAL. CODE CIV. PROC. § 415.30(a). Service by mail is complete on the date the notice form is executed if it is returned to the sender. *Id.* at § 415.30(c); *see also Star Varga v. United Airlines*, No. 09-02278 SI, 2009 WL 2246208, at *3 (N.D. Cal. July 24, 2009).

## III. DICUSSCION

### A. Defendants' Notice of Removal is Timely

The parties dispute whether Defendants removed this action in a timely manner. Plaintiffs contend that the time to remove began on May 14, 2021, when Defendants' counsel "sent an email…confirming [Defendants]' receipt of the complaint and providing notice of representation for the four Compass defendants." ECF No. 11 at 2. Defendants argue that "Plaintiffs served Defendants with the Summons and FAC on May 3, 2022, and did not serve Defendants with the Complaint before May 3, 2022." ECF No. 1 at 7.

1   It is undisputed that Defendants were formally served on May 3, 2022.  ECF No. 11-1, ¶ 23; ECF No. 17 at 3, 5-6, 10-11; ECF No. 18 at 4.  Therefore, Defendants had until June 2, 2022, to remove the case from state to federal court.  Because Defendants filed their notice of removal within 30 days of May 3, 2022, removal is timely.  *See* ECF No. 1; *see also Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1132-33 (9th Cir. 2011) ("actual notice of the action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run).  Finally, because Plaintiffs emailed, not mailed, Defendants' counsel notice and acknowledgment forms without a summons, Plaintiffs did not satisfy the requirements for proper service by mail under California Code of Civil Procedure section 415.30(a).  ECF No. 11, Ex. 8.

### B. Waiver of Right to Remove

Plaintiffs next contend that Defendants waived their right to remove because they "sandbagged the Plaintiffs by representing that Compass would mediate, with the first mediation scheduled for January 2022 and then a second mediation with a different mediator to settle the case on a class-wide basis in March 2022, only to abort the mediation sessions and convincing Plaintiffs to pay a cancellation fee for the first mediation, even though Compass unilaterally canceled both mediations."  ECF No. 11 at 2.  A defendant sued in state court "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."  *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994).  "A waiver of the right of removal must be clear and unequivocal."  *Id.* (internal quotation marks and citation omitted).

Here, Defendants' alleged waiver was not clear or unequivocal.  Defendants informed Plaintiffs of their intent to remove the case to federal court upon service.  *See* ECF No. 11, Ex. 7.  In addition, it is unclear whether Defendants ever appeared in the state court action.  For example, Plaintiffs filed two status reports in state court.  However, neither report is signed by Defendants' counsel.  *See* ECF No. 11, Ex. 10, 15; ECF No. 18 at 3-4.  "Waiver will not occur…when the defendant's participation in the state action has not been substantial or was dictated by the rules of

3

that court." *Oster v. Std. Life Ins. Co.*, No. 09-cv-00851-SBA, 2009 WL 1260174, at *1 (N.D. Cal. May 6, 2009).

### C.     Plaintiffs' Request for Fees

Plaintiffs request $3,750 in fees their counsel incurred in preparing, briefing, and filing the present motion to remand.  ECF No. 11 at 9.  Defendants do not take issue with counsel's hourly rates, or the total time spent on this matter.  The point of contention is whether Defendants had an objectively reasonable basis for removal.

The award of fees and costs is left to the discretion of the district court, *Lussier v. Dollar Tree Stores*, *Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008), and the fees provision of the removal statute does not create a presumption either in favor of, or against, an award of fees.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-39 (2005).  Nonetheless, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.  The objective reasonableness of removal may depend on the clarity of the applicable law and whether such law "clearly foreclosed the defendant's basis of removal." *Lussier*, 518 F.3d at 1066-67.  Ultimately, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin*, 546 U.S. at 141.

For the reasons discussed above, Defendants' removal was objectively reasonable because there is authority from the Supreme Court, Ninth Circuit, and California district courts supporting their position.  Because the Court holds that removal was timely and denies the Motion to Remand, the Court also **DENIES** Plaintiffs' request for fees.

## IV.     CONCLUSION

For the reasons above, the Court **DENIES** Plaintiffs' Motion to Remand.  Accordingly, the Motion to Remand hearing set for November 15, 2022, is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 3, 2022

TRINA L. THOMPSON
United States Defendants Judge

4